[998 NYS2d 461]

In the Matter of ROBERT J. DEPALMA (Admitted as ROBERT JOHN DEPALMA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 21, 2015

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Mischel & Horn, P.C.*, New York City (*Richard E. Mischel* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

By order filed October 24, 2012 (212 NJ 364, 54 A3d 280 [2012]), the Supreme Court of New Jersey disbarred the respondent in that state, on consent, and struck his name from the roll of attorneys. Prior thereto, a grievance had been filed against the respondent in New Jersey under docket No. XIV-2012-0155E, alleging his knowing misappropriation of funds in the approximate amount of $3,800. An investigation ensued, an audit of the respondent's escrow records was commenced, and the respondent was examined under oath. Approximately one month after the foregoing examination, the respondent, in consultation with counsel, knowingly and voluntarily executed a sworn statement consenting to his disbarment. He acknowledged in such statement that "[he was] aware that there [was] . . . pending against [him] . . . a grievance [alleging] knowing misappropriation of client funds"; that "those allegations are true"; and that "if [he] went to a hearing on this matter, [he] could not successfully defend himself against those charges."

The respondent further acknowledged that he was aware that his consent to disbarment constituted an absolute barrier to his ever seeking reinstatement to the bar in New Jersey.

On January 16, 2013, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, through his attorney, with a notice pursuant to 22 NYCRR 691.3 informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c). In response, the respondent submitted a one-sentence statement, asserting that the imposition of reciprocal discipline would be unjust, with no explicit demand for a hearing. Accordingly, by opinion and order dated August 28, 2013 (110 AD3d 131 [2013]), this Court found that there was no impediment to the imposition of reciprocal discipline, and that the imposition of reciprocal discipline would not be unjust. The respondent was thereupon disbarred in New York, effectively immediately. Thereafter, the respondent moved for reconsideration, contending that, by implication, he had demanded a hearing when he asserted that the imposition of reciprocal discipline would be unjust. By decision and order dated March 5, 2014 (2014 NY Slip Op 65560[U]), the respondent's motion, inter alia, for reconsideration, and, in effect, a hearing, was granted to the extent that the opinion and order dated August 28, 2013, was recalled and vacated, the respondent was reinstated as an attorney and counselor-at-law, the matter was remitted for a hearing on the issue of whether the imposition of reciprocal disbarment would be unjust, the matter was referred to the Honorable Harry E. Seidell to hear and report, and the respondent's motion was otherwise denied.

Following a preliminary conference on April 8, 2014, and a hearing on May 5, 2014 and May 19, 2014, the Special Referee submitted a report in which he found that the respondent had sustained his burden of proving that the imposition of reciprocal disbarment by this Court would be unjust. The Grievance Committee now moves to disaffirm the report of the Special Referee. The respondent cross-moves to confirm the Special Referee's report.

In his report, the Special Referee concluded that the respondent understood the basis for his disbarment in New Jersey to be the misappropriation of funds in connection with a single real estate transaction, which occurred in or about 2007. The Special Referee recited the positive testimony about, and

characterizations of, the respondent's reputation for honesty and integrity from his witnesses and character references, many of whom were members of the judiciary. Moreover, he credited the respondent with "profound remorse" and "full acceptance of responsibility" for his misconduct.

Under the extraordinary circumstances of this case, including, but not limited to, the single complaint of misappropriation in New Jersey; the absence of formal charges against the respondent; the respondent's "profound remorse" and "full acceptance of responsibility" for his misconduct; his impressive character witnesses, including five current members, and one retired member, of the bench, members of the bar, and a client; his excellent reputation as a member of the criminal law bar; his outstanding service to the community; and his commitment to representing the indigent, we find that the respondent has established by a fair preponderance of the evidence that the imposition of reciprocal disbarment would be unjust. However, we find that the respondent's admitted misappropriation of client funds in the approximate amount of $3,800, for which we find no evidence of restitution, warrants his suspension from the practice of law for a period of two years.

Accordingly, the Grievance Committee's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; the Grievance Committee's motion to disaffirm the Special Referee's report is denied; the respondent's cross motion to confirm the Special Referee's report is granted; and the respondent is suspended from the practice of law in New York for a period of two years, effective immediately. Additionally, the respondent's future reinstatement to the practice of law in New York is conditioned upon proof of repayment of the funds knowingly misappropriated from the complainant in the approximate amount of $3,800.

ENG, P.J., SKELOS, DILLON, BALKIN and SGROI, JJ., concur.

Ordered that the Grievance Committee's application to impose reciprocal discipline, based upon an order of the Supreme Court of New Jersey filed October 24, 2012, which disbarred the respondent on consent in that State, is granted; and it is further,

Ordered that the Grievance Committee's motion to disaffirm the Special Referee's report is denied; and it is further,

Ordered that the respondent's cross motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Robert J. DePalma, admitted as Robert John DePalma, is suspended from the practice of law in New York for a period of two years; and it is further,

Ordered that the respondent, Robert J. DePalma, admitted as Robert John DePalma, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert J. DePalma, admitted as Robert John DePalma, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert J. DePalma, admitted as Robert John DePalma, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the respondent's future reinstatement to the practice of law in New York is conditioned upon proof of repayment of the funds knowingly misappropriated from the complainant in the approximate amount of $3,800.